1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM DALE SMITH, JR.,

11          Plaintiff,                    No. CIV 11-1577 KJM EFB PS

12      vs.

13   UNITED STATES OF AMERICA,

14          Defendant.                    <u>ORDER</u>

15   _____/

16          This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the request to proceed *in*

20   *forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21          Determining plaintiff may proceed *in forma pauperis* does not complete the required

22   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

23   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.

26   ////

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

1   (3) be authorized by a federal statute that both regulates a specific subject matter and confers

2   federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

3   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

6   of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

7   subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

8   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9          Here, plaintiff's complaint is nearly incomprehensible.  The complaint itself states "FCC

10   written x2 legal mailings earlier this year" and "viewed their hearing yesterday – S Sac

11   residence," but it is entirely unclear to the undersigned what those statements purport to allege.

12   *See* Dckt. No. 1.  Plaintiff then filed a supplement to the complaint, alleging that "the complaint

13   is § 1512, tampering, basically."  Dckt. No. 3 at 1.  Because plaintiff's filings do not allege any

14   cognizable legal theories and do not allege any facts in support of a cognizable legal theory,

15   plaintiff's complaint will be dismissed.  However, plaintiff is granted leave to file an amended

16   complaint, if he can allege a cognizable legal theory and sufficient facts in support of that

17   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

18   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

19   their complaints).  To the extent plaintiff seeks to state a claim under 18 U.S.C. § 1512, for

20   tampering with a witness, plaintiff is informed that 18 U.S.C. § 1512 is a criminal statute that

21   does not provide a private civil right of action.

22          Plaintiff is informed that the court cannot refer to prior pleadings in order to make an

23   amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

24   in itself.  This is because, as a general rule, an amended complaint supersedes the original

25   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files

26   an amended complaint, the original no longer serves any function in the case.  Therefore, "a

plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE