IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM DALE SMITH, JR.,

      Plaintiff,                     No. CIV 11-1577 KJM EFB PS

      vs.

UNITED STATES OF AMERICA,

      Defendant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 6, 2011, the undersigned granted plaintiff's request to proceed *in forma pauperis*, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 4. The court noted that plaintiff's original complaint was "nearly incomprehensible," and that neither plaintiff's original complaint nor his supplement thereto alleged any cognizable legal theories or any facts in support of a cognizable legal theory. *Id.* at 3. Accordingly, the court dismissed plaintiff's complaint, but provided plaintiff with an opportunity to amend his complaint to the extent that he could "allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory." *Id.*

////

On July 8, 2011, plaintiff filed an amended complaint. Dckt. No. 5. However, his amended complaint once again fails to allege any cognizable legal theories or any facts in support of a cognizable legal theory. It appears that the gist of plaintiff's complaint is his claim under 18 U.S.C. § 1512 for witness tampering. However, as the court noted in the July 6 order, "18 U.S.C. § 1512 is a criminal statute that does not provide a private civil right of action." Dckt. No. 4 at 3.

As previously explained to plaintiff, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Because it appears that further amendment would be futile, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint, Dckt. No. 5, be dismissed without leave to amend; and

////

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3